No. 91-448

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

DEANNA PLUMLEE,

      Plaintiff and Appellant,

  -vs-

HON. NEIL M. TRAVIS, CITY JUDGE,
CITY OF LIVINGSTON,
MONTANA,

      Defendant and Respondent.

FILED

JUL 27 1992

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron L. Robb, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            Sarah Arnott Ozment, Attorney at Law, Livingston,
            Montana

      For Respondent:

            Robert Jovick, Attorney at Law, Livingston, Montana

Submitted on Briefs:  June 26, 1992

Decided:  July 27, 1992

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Deanna Plumlee appeals from an order of the Sixth Judicial District Court, Park County, denying and dismissing her writ of certiorari.

We reverse.

Appellant raises several issues for our consideration. However, because of our holding below, we need only discuss the following issue:

Did a bench warrant for the arrest of appellant for failing to pay fines meet the requirements of § 46-6-105, MCA, and constitute a lawful arrest?

The facts of this case originally arose from events which led to the arrest and conviction of appellant for criminal trespass, disorderly conduct, and resisting arrest. As a result, appellant was sentenced to ten days in jail and ordered to pay $545 in fines and costs. Because appellant did not make any payments on the fines or perform any community service, and did not request any additional extension of time or make other arrangements to satisfy the fines, a bench warrant was issued for her arrest on November 29, 1990.

On the evening of April 22, 1991, appellant and some of her friends were drinking at a rest area near Livingston. One of the friends was arrested for driving under the influence of alcohol. Appellant went with her friend to the police department. No one at the police station was aware of the outstanding warrant for her arrest, and appellant was permitted to leave.

2

Upon learning of the outstanding contempt warrant for appellant's arrest, two police officers obtained the warrant and went to appellant's trailer home on the night of April 22. The officers knocked on the door and appellant, who was in her night clothes and appeared intoxicated, answered the door. The officers announced themselves whereupon she requested to put on her shoes, which the officers told her she could do. They requested permission to enter the house and appellant motioned them to come inside. They then informed her that they had a warrant for her arrest and she became upset and requested to see the warrant. One of the officers went out to the squad car to get the warrant in an effort to calm her down. After the officer left, appellant became physically and verbally abusive to the officer remaining in the home. The officer informed her she was under arrest and placed her in a wrist lock in order to subdue her. The second officer came back into the trailer and assisted in the arrest.

On April 23, 1991, appellant was brought before a justice of the peace for the additional charges of resisting arrest and assault. Appellant pled not guilty and the charges in the Justice Court are still pending. About an hour after appearing in Justice Court, appellant then appeared in City Court for a contempt hearing.

The City Judge found appellant in contempt and sentenced her to 26 days in jail, which included $545 in prior fines to be worked off at the rate of $25 per day (22 days), plus a $100 contempt fine

3

to be worked off at the rate of $25 per day, which added four days to her jail time.

Appellant served 15 days in jail before being released by order of the District Court as a result of appellant's attorney filing a writ of certiorari. On June 7, 1991, the District Court held a hearing to determine if appellant's bench warrant arrest was lawful and if her appearance in City Court did not comport with procedural due process. On June 19, 1991, the District Court issued its findings of fact, conclusions of law, and order denying and dismissing the writ of certiorari. Because of her lack of financial resources, this Court granted appellant permission to file this appeal in forma pauperis.

Did a bench warrant for the arrest of appellant for failing to pay fines meet the requirements of § 46-6-105, MCA, and constitute a lawful arrest?

In the case before this Court, the City Court Judge issued a bench warrant for appellant's arrest which stated that the police were to arrest her "wherever she may be found . . ." and that the warrant "may be served any time of the day or night." The judge's signature appeared twice on the warrant. One of those signatures specifically indicated that appellant could be arrested at night. Appellant argues that more specific language is required by § 46-6-105, MCA, such as "may be served upon the defendant at her home or private dwelling place at night."

Prior to 1967, Montana law required an endorsement by a magistrate to allow for nighttime arrests for misdemeanor offenses.

4

Section 46-6-105, MCA, was amended in 1967 to include the following:

> An arrest may be made at any time of the day or night, except that a person may not be arrested in the person's home or private dwelling place at night for a misdemeanor committed at some other time and place unless upon the direction of a judge endorsed upon an arrest warrant.

By placing restrictions on the time and place of arrest for misdemeanor offenses, the legislature was attempting to curb potential police abuse. The Revised Commission Comment to § 95-607, RCM (1947) (now codified at § 46-6-105, MCA), offers some insight into the reason for the change:

> This provision broadens the scope of arrests for misdemeanors and allows arrests for all misdemeanors at night, except that a person cannot be arrested at night in his home for a prior misdemeanor unless upon the direction of a magistrate endorsed upon a warrant of arrest. This restriction was imposed to prevent the police from harassing a person or searching his home on the pretext of arresting him for a misdemeanor committed at some other time and place.

It is clear from the language of the statute and the Commission's Comments, that the legislature intended to place an additional restriction on arresting an individual at night and in his home for a misdemeanor offense committed at some other time and place by requiring the endorsement of an independent magistrate.

We agree with appellant that § 46-6-105, MCA, requires that a misdemeanor arrest warrant contain more specific language than the one issued in this case. We hold that an individual cannot be arrested in his home or private dwelling place at night for a misdemeanor offense committed at some other time and place without

5

the express direction of a magistrate endorsed upon the warrant for arrest.

Because the city court's bench warrant did not meet the requirements of § 46-6-105, MCA, we order that the contempt order be vacated and dismissed.

Reversed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

July 27, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Sarah Arnott Ozment
Attorney at Law
P.O. Box 1160
Livingston, MT  59047

Robert Jovick
City Attorney
P.O. Box 1245
Livingston, MT  59047

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy